HON. MARIO M. CUOMO Secretary of State
This is in reply to your inquiry of October 26, 1976.
You have asked for my opinion as to whether a licensed real estate broker may legally require his salesperson-employees to maintain, at their own expense, associate membership in the local board of realtors. You advised that under the by-laws of the National Association of Realtors, a realtor's dues for membership in the local board are $36.00 per year, plus $12.00 per year for each salesperson who is not an associate member himself.
Except to the extent required by Article 12-A of the Real Property Law, the relationship between licensed real estate brokers and the salespersons employed by them is essentially one of free and private contract. Thus, any condition or qualification on employment imposed by the broker is an expression of the extent of his willingness to enter into or continue a contract of employment. By the same token, the employee or prospective employee is free to accept or reject the broker's conditions.
I do not find anything in Real Property Law, Article 12-A which would preclude such a condition on employment, or give a present employee-salesperson any right to continuation of his employment against his broker, or any judicial interpretation which would characterize such a condition by the broker as "untrustworthiness" (Real Property Law, § 441-c).
In my view, therefore a condition of associate membership in the local real estate board imposed by a licensed broker upon present or prospective salesperson-employees is not unlawful under Article 12-A of the Real Property Law.
I wish to point out, however, that this conclusion is strictly limited to the situation where a condition of associate membership in the local board has been imposed by a licensed broker solely upon the basis of his own independent business judgment and not otherwise. I do not in any way intend to imply by this opinion: (1) that a local board, through its by-laws, rules, or regulations, may ever lawfully require any of its members to adopt or enforce such a condition of employment; or (2) that such a condition of employment may ever be lawfully imposed pursuant to any agreement, understanding, or arrangement, whether formal or informal, between or among the member brokers of any local real estate board. Such practices may be deemed to be unreasonable restraints of trade and may thus be subject to prosecution under both the state and federal antitrust laws.
I do not at this time take any position on the membership requirements of the National Association of Realtors.